IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR DADE
COUNTY, FLORIDA

JOANA BAIN,            GENERAL JURISDICTION DIVISION

    Plaintiff,            CASE No.: 2020-025003-CA-01

v.

DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC,
And DAVID L. GALBUT, individually
    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:**

GALBUT, DAVID L
4770 BISCAYNE BLVD., #880
MIAMI, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve on

           JASON S. REMER, ESQ.
           REMER & GEORGES-PIERRE, PLLC.
           44 WEST FLAGLER STREET
           SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

11/30/2020

CLERK            DATE

310009

(BY) DEPUTY CLERK

12/9/20    1475    1109/2
           fc2

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR DADE
COUNTY, FLORIDA

JOANA BAIN,      GENERAL JURISDICTION DIVISION

    Plaintiff,      CASE No.: 2020-025003-CA-01

v.

DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC,
And DAVID L. GALBUT, individually
    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO: DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC through its Registered Agent:**

GALBUT, ABRAHAM A
4770 BISCAYNE BLVD., #880
MIAMI, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve on

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK     310009         11/30/2020
                                         DATE

(BY) DEPUTY CLERK

FCL
1475

11/07/14
12/9/20

|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
|---|---|
| JOANA BAIN, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: |
| v. |  |
| DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC, DAVID L. GALBUT, |  |
| Defendant. |  |
| _____/ |  |

## COMPLAINT

Plaintiff, JOANA BAIN ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant, DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC, DAVID L. GALBUT (referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages as a result of discrimination and retaliation predicated on Plaintiff's Race, National Origin, and Retaliation in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County, the discriminatory acts took place in Dade County, and damages exceed $30,000.

6. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination. *See* Exhibit A.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8. This is an action by the Plaintiff and other opt in similarly situated employees for damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

10. Defendant DAVID L. GALBUT M.D. & ASSOCIATES, PLLC is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

11. Defendant DAVID L GALBUT is a corporate officer of, and exercised operational control over the activities of corporate Defendant DAVID L. GALBUT M.D. & ASSOCIATES, PLLC.

12. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff, a female Black African American, was employed with Defendant from September 2018 through February 1, 2019 as a surgical coordinator.

15. Plaintiff was subjected to disparate treatment based on race and national origin.

16. Plaintiff claims the white Hispanic employees received preferential treatment from Plaintiff's white Hispanic supervisor.

17. Plaintiff was the only black African American employee working for Defendant.

18. Almost all of the white Hispanic employees would speak in Spanish at work.

19. Plaintiff is only able to speak English.

20. The office manager Ingrid Mila, a white Hispanic woman, would constantly harass Plaintiff based on race and national origin.

21. On or about on January of 2019, Dr. Galbut informed Plaintiff that Dr. Galbut did not want Plaintiff to see patients with the doctor because Plaintiff did not speak Spanish.

22. On or about on February 1, 2019, Plaintiff was fired from employment with Defendant based on race and national origin discrimination.

23. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

24. Plaintiff worked approximately 50 hours a week or more each week without Defendants paying Plaintiff overtime wages or straight time wages for any hours in excess of 40 weekly.

25. Plaintiff was not exempt from any overtime compensation while working for Defendant.

26. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

27. Plaintiff worked unpaid overtime hours and or straight time hours for which no compensation was received.

28. Defendants failed to pay Plaintiff for any hours worked for the entire work term.

## COUNT I

### *RACE DISCRIMINATION IN VIOLATION OF THE FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's Race and subjected the Plaintiff to race -based animosity.

32. Such discrimination was based upon the Plaintiff's race.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II: NATIONAL ORIGIN *DISCRIMINATION IN VIOLATION OF THE FCRA*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin -based animosity.

43. Such discrimination was based upon the Plaintiff's national origin.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III
*Wage & Hour Federal Statutory Violation* .
DAVID L. GALBUT M.D. & ASSOCIATES, PLLC.

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

53. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

54. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

55. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

56. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

57. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*Wage & Hour Federal Statutory Violation against*

DAVID L. GALBUT

58. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

59. At the times mentioned, Defendant DAVID L. GALBUT was, and is now, a corporate officer of corporate Defendant DAVID L. GALBUT M.D. & ASSOCIATES, PLLC.

60. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

61. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated November 16, 2020                                   Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005