UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:21-cv-20110-MGC

JOANA BAIN,

    Plaintiff,

v.

DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC,
and DAVID L. GALBUT,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, JOANA BAIN ("Plaintiff") and Defendants, DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC and DAVID L. GALBUT (collectively "Defendants") (collectively Plaintiff and Defendants are "the Parties"), by and through their undersigned counsel, hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to the Federal Rules of Civil Procedure, and subject to the Court's approval of the settlement of Plaintiff's FLSA claims, and jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice.

**I.**     **Legal Principles**

Pursuant to the case law regarding settlement of claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC §216(c) allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee

against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement.[1] *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlements to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, and one of its principals, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed overtime wages. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants, through their respective counsel, discussed the Plaintiff's alleged overtime hours and pay rate, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed

---

[1] The FLSA Settlement Agreement between the Parties is being filed, confidentially, as Exhibit "A" hereto.

settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II.      Terms of Settlement

This case involved claims for unpaid overtime hours and other non-FLSA claims under the Florida Civil Rights Act. The Plaintiff worked for Defendant. The Parties, through their attorneys, had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's pay and time records. Given the Parties' respective positions on the issues, the Parties agree that they would incur great expense litigating this issue. Given the amount claimed in this matter, and the possibility of the Plaintiff recovering nothing, the Parties have agreed that a total of Fifteen Thousand Dollars and Zero Cents ($15,000.00), paid to Plaintiff with an amount to cover attorneys' fees, is a fair compromise for the settlement of Plaintiff's FLSA claims. The Parties have agreed that, of the total of $15,000.00, $4,500.00 will be paid to Plaintiff as unpaid overtime and $4,500.00 will be paid to Plaintiff as liquidated damages. Plaintiff's counsel will receive $6,000.00 in attorney's fees and costs.  The attorney's fees and costs were negotiated separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts the aforesaid sum in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement. The Parties have separately and confidentially agreed to settlement of Plaintiff's non-FLSA claims. As a result, the settlements agreed upon in this matter, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the

litigation and settlement process. The Parties negotiated and settled Plaintiff's recovery and attorney's fees independently. The Parties settled the other counts of the complaint and a general release under a separate agreement not included in the FLSA settlement agreement, and the settlement agreements and releases have been signed by all Parties.

### III.    Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action in its entirety, with prejudice, but retaining jurisdiction to enforce the Parties' Settlement Agreement.

Dated this 20th day of May, 2021.

Respectfully submitted by,

| | |
|---|---|
| **s/Jason Remer** | **s/Bradley F. Zappala** |
| Jason Remer, Esq. | Bradley F. Zappala, Esq. |
| Florida Bar No. 0165580 | Florida Bar No. 111829 |
| REMER & GEORGES-PIERRE, PLLC | SWITKES & ZAPPALA, P.A. |
| 44 West Flagler Street, Suite 2200 | 407 Lincoln Road, PH SE |
| Miami, FL 33130 | Miami Beach, FL 33139 |
| jremer@rgpattorneys.com | rswitkes@switkeslaw.com |
| **Attorneys for Plaintiff** | **Attorneys for Defendants** |