UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20110-CIV-COOKE/O'SULLIVAN

JOANA BAIN,

    Plaintiff,

v.

DAVID L. GALBUT, M.D. & ASSOCIATES, PLLC,
and DAVID L. GALBUT,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER is before the Court pursuant to the Joint Motion for Approval of FLSA Settlement and Joint Stipulation for Dismissal with Prejudice (DE# 14, 5/20/21).

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This FLSA case involves disputed issues regarding the plaintiff's claimed overtime wages. In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel.  The undersigned finds that to make the compromise reached by the parties fair and reasonable, the plaintiff's counsel shall transfer an additional $400.00 of the legal fees outlined in the Settlement Agreement to the plaintiff. After the transfer of the $400.00 of legal fees to the plaintiff, the plaintiff will be fully compensated for wages and liquidated damages. Accordingly, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Approval of FLSA Settlement and Joint Stipulation for Dismissal with Prejudice (DE# 14, 5/20/21) is **GRANTED** in accordance with this Order. The parties' settlement agreement, with the addition of the transfer by the plaintiff's attorney to the plaintiff of $400.00 of counsel's legal fees, is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until July 19, 2021,** to enforce the terms of the settlement.

The parties shall have **one (1) day**  from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794

(11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED**, in Chambers, at Miami, Florida this **4th** day of June, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE